UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STAFFNEY,

    Plaintiff,

v.                                              Case No. 24-11678
                                                           Hon. Jonathan J.C. Grey

HEIDI E. WASHINGTON, et al.,

    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR A MANDATORY INJUNCTION (ECF No. 5) AND DISMISSING PLAINTIFF'S REMAINING MOTIONS FOR LACK OF JURISDICTION (ECF Nos. 6–8)**

**I.   INTRODUCTION**

    This matter is before the Court on four motions by Plaintiff Harold Staffney: a motion for a mandatory injunction (ECF No. 5), a motion for relief from order (ECF No. 6), a motion for default judgment (ECF No. 7), and a motion for disposition on the motion for relief from order (ECF No. 8). For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the motion for a mandatory injunction and **DISMISSES** the remaining motions for lack of jurisdiction.

## II. BACKGROUND

Harold Staffney is a pro se incarcerated person who is confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan. On June 28, 2024, Staffney filed a complaint under the Federal Tort Claims Act alleging claims related to his arrest and criminal trial in Kent County, Michigan. (ECF No. 1.) On October 21, 2024, Staffney moved for a mandatory injunction seeking release from prison. (ECF No. 5.)

On October 22, 2024, this Court transferred the case to the Western District of Michigan. (ECF No. 4.)[1] The Court found that (1) all of the events underlying the complaint occurred in the geographical boundaries of the Western District of Michigan and (2) transferring the case to the Western District of Michigan was in the interest of justice because that venue is convenient for the parties and witnesses. (ECF No. 4.) Following the transfer, Staffney moved for relief from the Court's transfer order, for default judgment against all defendants, and for a ruling on the motion for relief. (ECF Nos. 6–8.)

---

[1] Though the Court issued its transfer order after Staffney filed his motion for a mandatory injunction, the Court's order is docket entry number four and Staffney's motion is docket entry number five. This numbering does not alter the Court's analysis.

2

### III. POST-TRANSFER MOTIONS

Staffney filed three motions following the Court's transfer order. The Court lacks jurisdiction to rule on the motions.

In the Sixth Circuit, "'[j]urisdiction follows the file,' . . . meaning that the one court loses jurisdiction and the other court gains it when a case file physically moves between courts." *Jackson v. Sloan*, 800 F.3d 260, 261 (6th Cir. 2015) (quoting *Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009)). "The date the papers in the transferred case are docketed in the transferee court, not the date of the transfer order, consequently forms the effective date that jurisdiction in the transferor court is terminated." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) (citation omitted). *See also Jackson*, 800 F.3d at 261 (citing *Chrysler Credit*, 928 F.2d at 1516–1517) ("A case is physically transferred as soon as the transferee court . . . dockets the case.").

Here, this Court entered its transfer order on October 22, 2024. (ECF No. 4.) The Western District of Michigan opened the case on October 23, 2024 (*See* No. 24-cv-01107, ECF Nos. 5–6 (W.D. Mich. Oct. 23, 2024).) Therefore, this Court lost jurisdiction of the case on October

3

23, 2024. Staffney filed his motion for relief from the Court's transfer order on November 18, 2024, his motion for default judgment on January 31, 2025, and his motion for disposition on the motion for relief on May 28, 2025. (ECF Nos. 6–8.) The Court lacks jurisdiction to review those motions because Staffney filed them after the Court transferred, and the Western District of Michigan docketed the papers in, this case. Thus, the Court must dismiss those motions.

## IV. MOTION FOR MANDATORY INJUNCTION

Staffney filed a motion for a mandatory injunction before the Court transferred this case to the Western District of Michigan. (ECF No. 5.) Jurisdiction had not yet transferred to the Western District of Michigan, so the Court retains jurisdiction to rule on Staffney's pre-transfer motion. Staffney seeks his release from prison, arguing that his arrest was unlawful because there was no murder, crime, arrest warrant, criminal complaint, or information that charged him with murder. (ECF No. 5, PageID.93–95.) He also argues that the arresting officer did not have probable cause to arrest him without a warrant. (*Id.* at PageID.95.) The Court denies the motion.

At this stage, Staffney's motion seems like a motion for a

4

preliminary injunction; he seeks release before any court has had an opportunity to rule on the merits of his claims. Therefore, the Court will address the motion as such.

A preliminary injunction is generally an extraordinary remedy reserved only for cases where the preliminary injunction is necessary to preserve the status quo. *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 404 (6th Cir. 2024) (citations omitted). The Court balances four factors when considering whether to order a preliminary injunction:

> (1) whether the movant is likely to succeed on the merits of the lawsuit, (2) whether the movant is likely to suffer irreparable harm without the injunction, (3) whether the balance of equities tips in favor of the movant, and (4) whether the injunction is in the public's interest.

*Higuchi*, 103 F.4th at 404 (citation omitted). A movant's likelihood of success on the merits is generally the most important factor. *Id.* (citing *Sunless, Inc. v. Palm Beach Tan, Inc.*, 33 F.4th 866, 871 (6th Cir. 2022)).

Here, Staffney does not show that he is likely to succeed on the merits of his Federal Tort Claims Act suit such that the Court should release him from prison pending resolution of this case. Staffney's

5

mandatory injunction challenges the circumstances of his arrest and trial. (ECF No. 5.) Staffney's complaint indicates that state officers arrested him on state charges, and a state prosecutor tried the case in front of a state judge. (ECF No. 1, PageID.8–11.) Yet, the Federal Tort Claims Act only applies to tort claims against the United States, a federal government agency, or a federal employee. *Lewis v. Detroit Fire Dep't*, No. 13-11888, 2013 WL 2319343, at *2 (E.D. Mich. May 28, 2013) (citing 28 U.S.C. §§ 2671, 2674–2675). Further, the injunction, an already extraordinary remedy, seeks release from prison. Staffney does not establish his entitlement to release pursuant to the Federal Tort Claims Act, and releasing Staffney from prison would not preserve the status quo. Therefore, the Court denies Staffney's motion for a mandatory injunction.

## V. CONCLUSION

Accordingly, **IT IS ORDERED** that the Court **DISMISSES** Staffney's motion for relief from order, motion for default judgment, and motion for disposition on the motion for relief from order. (ECF Nos. 6–8.)

**IT IS FURTHER ORDERED THAT** the Court **DENIES**

**WITHOUT PREJUDICE** Staffney's motion for a mandatory injunction. (ECF No. 5.) As long as this Court lacks jurisdiction in this matter, any future motions that Staffney files will be dismissed.

**SO ORDERED.**

|  |  |
|---|---|
|  | <u>**s/ Jonathan J.C. Grey**</u> |
|  | Jonathan J.C. Grey |
| Dated: August 1, 2025 | United States District Judge |

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 1, 2025.

**s/William Barkholz**
Sitting in for Sandra Osorio
Case Manager